Not for Publication

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SOULFUL NUTRITION INC. d/b/a REMEDY ORGANICS, <br><br> Plaintiff, <br><br> v. <br><br> REMEDY DRINKS PTY., LTD, *et al*, <br><br> Defendants. | Civil No. 21-17455 (ES) (LDW) <br><br> MEMORANDUM and ORDER |

**SALAS, DISTRICT JUDGE**

This matter comes before the Court upon plaintiff Soulful Nutrition Inc. *d/b/a* Remedy Organics's ("Plaintiff") motion for "preliminary injunction and temporary restraining order" ("Motion") against defendants Remedy Drinks Pty., Ltd., ("Remedy Australia"), Remedy Drinks USA, LLC, a Delaware entity, and Remedy Drinks USA, LLC, an Oregon entity (collectively, "Defendants"). (D.E. No. 2[1]).

On September 23, 2021, Plaintiff commenced this action against Defendants, alleging claims of trademark infringement and "unfair competition/false designation of origin" under federal law (Counts I and II), as well as claims of trademark infringement and unfair competition under New Jersey common law (Counts III and IV). (D.E. No. 1 ("Complaint" or "Compl.") ¶¶ 65–121). Plaintiff is a health food and beverage company that sells "plant-based wellness shakes and immunity beverages" throughout the United States in retail stores and via online

---

[1]  The Court notes that Plaintiff failed to file a notice of motion. The main document filed under Docket Entry Number 2 is a proposed order entitled "ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER." (D.E. No. 2).

channels. (*Id.* ¶ 10). It is the owner of the registered trademark "REMEDY ORGANICS," United States Registration No. 6,316,000. (*Id.* ¶ 11). Plaintiff alleges that, starting in late 2019, Defendants' marketing and sales of their health beverage products using the trademark REMEDY DRINKS has caused actual confusion between Plaintiff's brand and Defendants' brand. (*Id.* ¶¶ 25–38). Starting January 30, 2020, the parties engaged in discussions initiated by Defendants where they proposed agreements to enable each party to "continue to use their respective trademarks regardless of the existence of confusion in the marketplace." (*Id.* ¶ 43; *id.* ¶¶ 44–58). Upon the failure of these discussions and because of Defendants' apparent expansion of business in the United States, Plaintiff filed the instant action seeking both monetary and injunctive relief. (*Id.* ¶¶ 59–62 & at 20–23).

On September 24, 2021, Plaintiff filed the Motion. As a preliminary matter, it is unclear if Plaintiff seeks a temporary restraining order in addition to a preliminary injunction. While Plaintiff's proposed order seeks both a preliminary injunction and a temporary restraining order, its brief supporting its Motion only seeks "the issuance of a preliminary injunction."[2] (*See generally* D.E. Nos. 2 & 2-1 ("Mov. Br.")). It appears that Plaintiff also uses the two terms interchangeably. (*See* D.E. No. 2-18 ¶¶ 1 & 3 (attorney declaration in support of, *inter alia*, "a preliminary injunction," and describing the Motion as one for a "temporary restraining order")).

The Court views the Motion as requesting a preliminary injunction only. As the Third Circuit has noted, "[a]t times, it is difficult to distinguish which form of relief has been invoked." *Snee v. Barone*, 359 F. App'x 281, 283 n.4 (3d. Cir. 2009). But where, as here, the party purported

---

[2]   It is clear to the Court that Plaintiff also seeks expedited discovery narrowly tailored to assist the parties and the Court with the instant Motion. (*See* Mov. Br. at 29). However, to the extent that Plaintiff seeks a temporary restraining order during the expedited discovery, that request is similarly unclear. For example, Plaintiff fails to explain the urgency and the irreparable harm it will likely suffer during this short period of time if such relief is not granted. Indeed, it is telling that Plaintiff filed its Motion on Friday, September 24, 2021, without following the Court's Local Civil Rule 65.1(b) or otherwise notifying the Court of the urgency of its filing.

to request both forms of relief but filed the motion with notice to the opposing party, courts have treated the motion as requesting a preliminary injunction. *See, e.g.*, *id.* This is because "temporary restraining orders are of extremely short duration and typically issue without notice to the opposing party." *Id.* (citing Fed. R. Civ. P. 65(b)). In addition, temporary restraining orders "are ordinarily aimed at temporarily preserving the status quo" and "preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Hope v. Warden York Cty. Prison*, 956 F.3d 156, 160 (3d. Cir. 2020) (quoting *Granny Goose Foods Inc. v. Bhd. Of Teamsters*, 415 U.S. 424, 439 (1974)). Here, while Plaintiff filed no certificate of service, it gave notice to Defendants' counsel prior to the filing of the Motion. (*See* D.E. No. 2-18 ¶ 3). Plaintiff also clearly anticipated that the Motion would be filed "in a matter sufficient to permit the party or their counsel an opportunity to appear in response to the application [of the injunctive relief sought]." (*Id.*). Moreover, the relief Plaintiff seeks, as evident by its moving brief and the proposed order, is of an indefinite duration. (Mov. Br. at 24–26; *see generally* D.E. No. 2 at 2 (seeking an order to "temporarily restrain[ ], and *preliminarily and permanently enjoin*[]" Defendants from certain conduct (emphasis added))). Finally, the injunctive relief sought by Plaintiff goes beyond preservation of the status quo. Indeed, Plaintiff seeks affirmative relief that, if granted, would enjoin Defendants from their ongoing business practice. (*See generally* D.E. No. 2). As such, the Court finds that the proper vehicle for the type of relief Plaintiff seeks is a motion for a preliminary injunction.

Pursuant to the Federal Rule of Civil Procedure 65(a), a district court "may issue a preliminary injunction only on notice to the adverse party." While a hearing is not a prerequisite for ruling on a preliminary injunction, *Bradley v. Pittsburgh Bd. of Educ.*, 910 F.3d 1172, 1175 (3d Cir. 1990), Rule 65's notice requirement "implies an opportunity to be heard." *Sims v. Greene*, 161 F.2d 87, 88 (3d Cir. 1947).

Accordingly, IT IS on this 27th day of September 2021,

**ORDERED** that the Court will treat Plaintiff's Motion as one for a preliminary injunction and expedited discovery in furtherance of the same; and it is further

**ORDERED** that counsel for the parties shall contact the Honorable Leda D. Wettre, United States Magistrate Judge, by September 29, 2021, to discuss any expedited discovery that may be required; and it is further

**ORDERED** that, no later than September 30, 2021, the parties shall file a joint letter with a proposed briefing schedule regarding the instant Motion.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**
