**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SOULFUL NUTRITION INC., d/b/a REMEDY ORGANICS,<br><br>Plaintiff,<br><br>v.<br><br>REMEDY DRINKS PTY., LTD., REMEDY DRINKS USA, LLC,<br><br>Defendants. | Civil Action No. 2:21-cv-17455 (ES-LDW)<br><br>**REMEDY DRINKS PTY., LTD AND REMEDY DRINKS USA, LLC'S ANSWER** |

**REMEDY DRINKS' ANSWER**

Defendants Remedy Drinks Pty., Ltd. and Remedy Drinks USA, LLC, a Delaware limited liability company (together, "Remedy Drinks"), by and through their attorneys Walsh Pizzi O'Reilly Falanga LLP and Gibson Dunn & Crutcher, LLP, hereby responds to the Complaint filed by Plaintiff Soulful Nutrition Inc. d/b/a Remedy Organics ("Plaintiff" or "Soulful") as follows:

**NATURE OF ACTION**

1.      Paragraph 1 attempts to characterize the nature of the action and asserts conclusions of law to which no response is required.  To the extent any response is required, Remedy Drinks denies the allegations in Paragraph 1 of the Complaint.

**JURISDICTION AND VENUE**

2.      Paragraph 2 asserts conclusions of law to which no response is required.  To the extent a response is required, Remedy Drinks admits that the Complaint purports to be an action for trademark infringement and that this Court has subject matter jurisdiction over such matters; however, Remedy Drinks denies the legal sufficiency of Soulful's claims and allegations and denies that Soulful has a viable claim thereunder.

3.     Paragraph 3 asserts conclusions of law to which no response is required.  To the extent a response is required, Remedy Drinks admits that venue is proper in this District but denies the legal sufficiency of Soulful's claims and denies that Soulful has a viable claim thereunder.

### PARTIES

4.     Remedy Drinks denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 4 of the Complaint and, accordingly, denies each and every allegation contained in Paragraph 4 of the Complaint.

5.     Remedy Drinks denies that its principal place of business of Remedy Australia is at Level 7, 612-616 St. Kilda Road, Melbourne Victoria, Australia.  Remedy Drinks admits that Remedy Australia is an Australian proprietary limited company engaged in the business of producing and marketing beverages.

6.     Remedy Drinks admits that Remedy Oregon is an Oregon limited liability company which lists its principal place of business as c/o Anchin Accountants, 1375 Broadway, New York, New York 10018.  Remedy Drinks denies that Remedy Oregon is a going concern or is engaged in any business.

7.     Remedy Drinks admits that Remedy Drinks USA, LLC ("Remedy Delaware") is a limited liability company engaged in the business of producing and marketing beverages and otherwise denies each and every allegation contained in Paragraph 7 of the Complaint.

8.     Remedy Drinks denies each and every allegation contained in Paragraph 8 of the Complaint.

9.     Remedy Drinks admits the allegations in Paragraph 9 of the Complaint.

10.     Remedy Drinks denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 10 of the Complaint and, accordingly, denies each and every allegation contained in Paragraph 10 of the Complaint.

11.     To the extent that Paragraph 11 of the Complaint attempts to summarize the terms and contents of federal Registration Number 6,316,000, Remedy Drinks refers to the contents of Registration Number 6,316,000 for its terms and contents and otherwise denies each and every allegation contained in Paragraph 11 of the Complaint.

12.     To the extent that Paragraph 12 of the Complaint attempts to summarize the terms and contents of federal Registration Number 6,316,000, Remedy Drinks refers to the contents of Registration Number 6,316,000 for its terms and contents and otherwise denies each and every allegation contained in Paragraph 12 of the Complaint.

13.     Remedy Drinks denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 13 of the Complaint and, accordingly, denies each and every allegation contained in Paragraph 13 of the Complaint.

14.     To the extent that Paragraph 14 attempts to summarize Soulful's filings with the U.S. Patent and Trademark Office ("USPTO"), Remedy Drinks refers to the filings for their contents and otherwise denies each and every allegation contained in Paragraph 14 of the Complaint.

15.     To the extent that Paragraph 15 attempts to summarize the publication of Soulful's trademark application with the USPTO, Remedy Drinks refers to the publication for its contents and otherwise denies each and every allegation contained in Paragraph 15 of the Complaint.

16.     To the extent that Paragraph 16 of the Complaint attempts to summarize the terms and contents of federal Application Serial Number 88,706,986, Remedy Drinks refers to the

application for its contents and otherwise denies each and every allegation contained in Paragraph 16 of the Complaint.

17.     To the extent that Paragraph 17 of the Complaint attempts to summarize the terms and contents of federal Application Serial Number 88,706,986, Remedy Drinks refers to the application for its contents and otherwise denies each and every allegation contained in Paragraph 17 of the Complaint.

18.     To the extent that Paragraph 18 of the Complaint attempts to summarize the terms and contents of federal Application Serial Number 88,706,986, Remedy Drinks refers to the application for its contents and otherwise denies each and every allegation contained in Paragraph 18 of the Complaint.

19.     To the extent that Paragraph 19 of the Complaint attempts to summarize a USPTO Office Action, Remedy Drinks refers to the Office Action for its contents and otherwise denies each and every allegation contained in Paragraph 19 of the Complaint.

20.     To the extent that Paragraph 20 of the Complaint attempts to summarize Soulful's filing with the USPTO, Remedy Drinks refers to the filing for its contents and otherwise denies each and every allegation contained in Paragraph 20 of the Complaint.

21.     To the extent that Paragraph 21 of the Complaint attempts to summarize USPTO action, Remedy Drinks refers to the USPTO action for its contents and otherwise denies each and every allegation contained in Paragraph 21 of the Complaint.

22.     To the extent that Paragraph 22 of the Complaint attempts to summarize USPTO action, Remedy Drinks refers to the USPTO action for its contents and otherwise denies each and every allegation contained in Paragraph 22 of the Complaint.

23.     Remedy Drinks admits that Soulful has attached Exhibit 1 to the Declaration of Henry Kasindorf.  Remedy Drinks admits the Declaration of Henry Kasindorf was filed in support of Plaintiff's Motion for a Preliminary Injunction and Expedited Discovery.  Remedy Drinks denies knowledge or information sufficient to form a belief as to whether Exhibit 1 is a true and correct copy of the registration certificate for the REMEDY ORGANICS mark.

24.     Remedy Drinks admits that Soulful has attached Exhibit 2 to the Declaration of Henry Kasindorf and otherwise denies each and every allegation in Paragraph 24 of the Complaint.

25.     Remedy Drinks denies each and every allegation in Paragraph 25 of the Complaint.

26.     Remedy Drinks admits that Soulful has attached Exhibit 3 to the Declaration of Henry Kasindorf.  To the extent that Paragraph 26 attempts to summarize the contents of Exhibit 3, Remedy Drinks refers to the exhibit for its contents and otherwise denies each and every allegation contained in Paragraph 26 of the Complaint.

27.     Remedy Drinks admits that Soulful has attached Exhibit 4 to the Declaration of Henry Kasindorf.  To the extent that Paragraph 27 attempts to summarize the contents of Exhibit 4, Remedy Drinks refers to the exhibit for its contents and otherwise denies each and every allegation contained in Paragraph 27 of the Complaint.

28.     Remedy Drinks admits that Soulful has attached Exhibit 5 to the Declaration of Henry Kasindorf.  To the extent that Paragraph 28 attempts to summarize the contents of Exhibit 5, Remedy Drinks refers to the exhibit for its contents and otherwise denies each and every allegation contained in Paragraph 28 of the Complaint.

29.     Remedy Drinks admits that Soulful has attached Exhibit 6 to the Declaration of Henry Kasindorf.  To the extent that Paragraph 29 attempts to summarize the contents of Exhibit

6, Remedy Drinks refers to the exhibit for its contents and otherwise denies each and every allegation contained in Paragraph 29 of the Complaint.

30.     Remedy Drinks admits that Soulful has attached Exhibit 7 to the Declaration of Henry Kasindorf.  Remedy Drinks denies knowledge or information sufficient to form a belief as to whether Exhibit 7 is a true and correct copy of the May 26, 2020 Instagram post and, accordingly, denies each and every allegation contained in Paragraph 30 of the Complaint.

31.     Remedy Drinks admits that Soulful has attached Exhibit 8 to the Declaration of Henry Kasindorf.  Remedy Drinks denies knowledge or information sufficient to form a belief as to whether Exhibit 8 is a true and correct copy of the December 27, 2020 Instagram post and, accordingly, denies each and every allegation contained in Paragraph 31 of the Complaint.

32.     Remedy Drinks denies each and every allegation in Paragraph 32 of the Complaint.

33.     Remedy Drinks admits that Soulful has attached Exhibit 9 to the Declaration of Henry Kasindorf.  To the extent that Paragraph 33 attempts to summarize the contents of Exhibit 9, Remedy Drinks refers to the exhibit for its contents and otherwise denies each and every allegation contained in Paragraph 33 of the Complaint.

34.     Remedy Drinks admits that Soulful has attached Exhibit 10 to the Declaration of Henry Kasindorf.  Remedy Drinks denies knowledge or information sufficient to form a belief as to whether Exhibit 10 is a true and correct copy of the press release dated June 23, 2021 and, accordingly, denies each and every allegation concerning the press release contained in Paragraph 34 of the Complaint.  Remedy Drinks denies the remaining allegations contained in Paragraph 34 of the Complaint.

35.     Remedy Drinks denies each and every allegation contained in Paragraph 35 of the Complaint.

36.     Remedy Drinks admits that Soulful has attached Exhibit 11 to the Declaration of Henry Kasindorf.  Remedy Drinks denies knowledge or information sufficient to form a belief as to whether Exhibit 11 is a true and correct copy of the email chain between Tops Supermarkets and Chesapeake North Group and, accordingly, denies each and every allegation contained in Paragraph 36 of the Complaint.

37.     Remedy Drinks admits that Soulful has attached Exhibit 12 to the Declaration of Henry Kasindorf.  Remedy Drinks denies knowledge or information sufficient to form a belief as to whether Exhibit 12 is a true and correct copy of the email chain beginning on August 31, 2021 and, accordingly, denies each and every allegation contained in Paragraph 37 of the Complaint.

38.     Remedy Drinks admits that Soulful has attached Exhibit 13 to the Declaration of Henry Kasindorf.  Remedy Drinks denies knowledge or information sufficient to form a belief as to whether Exhibit 13 is a true and correct copy of the email chain beginning on September 3, 2021 and, accordingly, denies each and every allegation contained in Paragraph 38 of the Complaint.

39.     Remedy Drinks denies each and every allegation contained in Paragraph 39 of the Complaint.

40.     Remedy Drinks denies each and every allegation contained in Paragraph 40 of the Complaint.

41.     Remedy Drinks denies that, when searching for REMEDY ORGANICS on Amazon's website, Defendants' products are identified as "Products related to this item."  Remedy Drinks admits that Soulful has attached Exhibit 14 to the Declaration of Henry Kasindorf.  Remedy Drinks denies knowledge or information sufficient to form a belief as to whether Exhibit 14 is a true and correct copy of a screenshot Plaintiff took on December 27, 2020 from www.amazon.com and, accordingly, denies each and every allegation contained in Paragraph 41 of the Complaint.

42.     Remedy Drinks denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the Complaint and, accordingly, denies each and every allegation contained in Paragraph 42 of the Complaint.

43.     Remedy Drinks admits that Mr. Bookman communicated with Mr. Kasindorf on January 30, 2020.  To the extent that Paragraph 43 attempts to summarize this email, Remedy Drinks refers to the email for its contents and otherwise denies each and every allegation contained in Paragraph 43 of the Complaint.

44.     Remedy Drinks admits that Mr. Kasindorf communicated with Mr. Bookman on March 2, 2020.  To the extent that Paragraph 44 attempts to summarize this communication, Remedy Drinks refers to the communication for its contents and otherwise denies each and every allegation contained in Paragraph 44 of the Complaint.

45.     Remedy Drinks admits that Mr. Bookman communicated with Mr. Kasindorf on March 4, 2020.  To the extent that Paragraph 45 attempts to summarize this communication, Remedy Drinks refers to the communication for its contents and otherwise denies each and every allegation contained in Paragraph 45 of the Complaint.

46.     Remedy Drinks admits that Mr. Bookman communicated with Mr. Kasindorf on April 7, 2020.  To the extent that Paragraph 46 attempts to summarize Mr. Bookman's communication with Mr. Kasindorf, Remedy Drinks refers to the communication for its contents. Remedy Drinks admits that Mr. Kasindorf communicated with Mr. Bookman after April 7, 2020. To the extent that Paragraph 46 attempts to summarize Mr. Kasindorf's communication with Mr. Bookman, Remedy Drinks refers to the communication for its contents.  Remedy Drinks otherwise denies each and every allegation contained in Paragraph 46 of the Complaint.

47.     Remedy Drinks denies that there is side-by-side marketing of the parties' goods. Remedy Drinks admits that Soulful has attached Exhibit 15 to the Declaration of Henry Kasindorf. Remedy Drinks denies knowledge or information sufficient to form a belief as to whether Exhibit 15 are true and correct photographs taken in April 2020 at a Wal-Mart store in Saratoga Springs, New York and, accordingly, denies each and every allegation contained in Paragraph 47 of the Complaint.

48.     Remedy Drinks admits that Mr. Bookman contacted Mr. Kasindorf on or about May 25, 2020.  To the extent that Paragraph 48 attempts to summarize any communication, Remedy Drinks refers to the communication for its contents and otherwise denies each and every allegation contained in Paragraph 48 of the Complaint.

49.     Remedy Drinks admits that Soulful's then-counsel communicated with Mr. Cobbledick and Mr. Bookman on December 7, 2020.  To the extent that Paragraph 49 attempts to summarize this communication, Remedy Drinks refers to the communication for its contents and otherwise denies each and every allegation contained in Paragraph 49 of the Complaint.

50.     Remedy Drinks admits that Mr. Cobbledick communicated with Soulful on December 21, 2020.  To the extent that Paragraph 50 attempts to summarize this communication, Remedy Drinks refers to the communication for its contents and otherwise denies each and every allegation contained in Paragraph 50 of the Complaint.

51.     Remedy Drinks denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 of the Complaint and, accordingly, denies each and every allegation contained in Paragraph 51 of the Complaint.

52.     Remedy Drinks admits that Remedy Drinks and Soulful communicated on January 18, 2021, and otherwise denies each and every allegation in Paragraph 52 of the Complaint.

53.     Remedy Drinks admits that Mr. Cobbledick contacted Soulful in February 2021. To the extent that Paragraph 53 attempts to summarize the communication, Remedy Drinks refers to the communication for its contents.  Remedy Drinks admits that *L* Catterton is a private equity fund that invests in consumer products brands.  Otherwise, Remedy Drinks denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 51 of the Complaint and, accordingly, denies each and every allegation contained in Paragraph 51 of the Complaint.

54.     Remedy Drinks denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54 of the Complaint and, accordingly, denies each and every allegation contained in Paragraph 54 of the Complaint.

55.     Remedy Drinks denies each and every allegation contained in Paragraph 55 of the Complaint.

56.     Remedy Drinks denies that it was hiring additional staff.  Remedy Drinks denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 56 of the Complaint and, accordingly, denies each and every allegation contained in Paragraph 56 of the Complaint.

57.     Remedy Drinks denies that there was any confusion caused by the REMEDY DRINKS mark that it continuously or substantially delayed in addressing.  Remedy Drinks denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 57 of the Complaint and, accordingly, denies those allegations.

58.     Remedy Drinks admits that Mr. Cobbledick communicated with Mr. Kasindorf on March 5, 2021.  To the extent that Paragraph 58 attempts to summarize the contents of this

communication, Remedy Drinks refers to the communication for its contents and otherwise denies each and every allegation contained in Paragraph 58 of the Complaint.

59.     Remedy Drinks admits that it has invested resources toward its product line in the United States.  Remedy Drinks denies each and every remaining allegation contained in Paragraph 93 of the Complaint.

60.     Remedy Drinks admits that Mr. Cobbledick communicated with Mr. Kasindorf on April 15, 2021.  To the extent that Paragraph 60 attempts to summarize the contents of this communication, Remedy Drinks refers to the communication for its contents and otherwise denies each and every allegation contained in Paragraph 60 of the Complaint.

61.     As Paragraph 61 of the Complaint asserts conclusions of law, no response is required.  To the extent a response is required, Remedy Drinks denies each and every allegation contained in Paragraph 61 of the Complaint.

62.     As Paragraph 62 of the Complaint asserts conclusions of law, no response is required.  To the extent a response is required, Remedy Drinks denies each and every allegation contained in Paragraph 62 of the Complaint.

63.     As Paragraph 63 of the Complaint asserts conclusions of law, no response is required.  To the extent a response is required, Remedy Drinks denies each and every allegation contained in Paragraph 63 of the Complaint.

64.     As Paragraph 64 of the Complaint asserts conclusions of law, no response is required.  To the extent a response is required, Remedy Drinks denies each and every allegation contained in Paragraph 64 of the Complaint.

## **FIRST CAUSE OF ACTION**
**(Trademark Infringement of Registered REMEDY ORGANICS Mark)**

65.     As Paragraph 65 is merely an incorporation of the prior allegations, no response is required.   To the extent a response is required, Remedy Drinks incorporates by reference its responses to Paragraphs 1 through 64 of the Complaint as if set forth fully herein.

66.     As Paragraph 66 asserts conclusions of law, no response is required.  To the extent a response is required, Remedy Drinks denies each and every allegation contained in Paragraph 66 of the Complaint.

67.     As Paragraph 67 asserts conclusions of law, no response is required.  To the extent a response is required, Remedy Drinks denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67 of the Complaint and, accordingly, denies each and every allegation contained in Paragraph 67 of the Complaint.

68.     As Paragraph 68 asserts conclusions of law, no response is required.  To the extent a response is required, Remedy Drinks denies each and every allegation contained in Paragraph 68 of the Complaint.

69.     As Paragraph 69 asserts conclusions of law, no response is required.  To the extent a response is required, Remedy Drinks denies each and every allegation contained in Paragraph 69 of the Complaint.

70.     Remedy Drinks denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70 of the Complaint and, accordingly, denies each and every allegation contained in Paragraph 70 of the Complaint.

71.     Remedy Drinks denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71 of the Complaint and, accordingly, denies each and every allegation contained in Paragraph 71 of the Complaint.

72.     Remedy Drinks denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72 of the Complaint and, accordingly, denies each and every allegation contained in Paragraph 72 of the Complaint.

73.     As Paragraph 73 asserts conclusions of law, no response is required.  To the extent a response is required, Remedy Drinks refers to the contents of federal Registration Number 6,316,000 for its terms and contents and otherwise denies each and every allegation contained in Paragraph 73 of the Complaint.

74.     Remedy Drinks admits that it has continuously used the REMEDY DRINKS mark to market, promote, and offer for sale its beverages throughout the United States.  Remedy Drinks denies that it required Plaintiff's consent or authority to do so.  Remedy Drinks denies that the REMEDY DRINKS mark is confusingly similar to the REMEDY ORGANICS mark.  Remedy Drinks denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 74 and, accordingly, denies each and every remaining allegation contained in Paragraph 74 of the Complaint.

75.     As Paragraph 75 asserts conclusions of law, no response is required.  To the extent a response is required, Remedy Drinks denies each and every allegation contained in Paragraph 75 of the Complaint.

76.     As Paragraph 76 asserts conclusions of law, no response is required.  To the extent a response is required, Remedy Drinks denies each and every allegation in Paragraph 76.

77.     As paragraph 77 asserts conclusions of law, no response is required.  To the extent a response is required, Remedy Drinks denies each and every allegation of paragraph 77.

78.     As paragraph 78 asserts conclusions of law, no response is required.  Remedy Drinks denies each and every allegation of paragraph 78.

79.     As Paragraph 79 asserts conclusions of law, no response is required.  To the extent a response is required, Remedy Drinks denies each and every allegation contained in Paragraph 79 of the Complaint.

80.     As Paragraph 80 asserts conclusions of law, no response is required.  To the extent a response is required, Remedy Drinks denies each and every allegation contained in Paragraph 80 of the Complaint.

81.     As Paragraph 81 asserts conclusions of law, no response is required.  To the extent a response is required, Remedy Drinks denies each and every allegation contained in Paragraph 81 of the Complaint.

82.     As Paragraph 82 asserts conclusions of law, no response is required.  To the extent a response is required, Remedy Drinks denies each and every allegation contained in Paragraph 82 of the Complaint.

83.     As Paragraph 83 asserts conclusions of law, no response is required.  To the extent a response is required, Remedy Drinks denies each and every allegation contained in Paragraph 83 of the Complaint.

84.     As Paragraph 84 asserts conclusions of law, no response is required.  To the extent a response is required, Remedy Drinks denies each and every allegation contained in Paragraph 84 of the Complaint.

85.     To the extent Paragraph 85 requests relief to which Plaintiff believes it is entitled, no response is required.  To the extent a response is required, Remedy Drinks denies that Plaintiff is entitled to any relief sought in the Complaint, including, without limitation, the relief requested in Paragraph 85.

86.     To the extent Paragraph 86 requests relief to which Plaintiff believes it is entitled, no response is required.  To the extent a response is required, Remedy Drinks denies that Plaintiff is entitled to any relief sought in the Complaint, including, without limitation, the relief requested in Paragraph 86.

## SECOND CAUSE OF ACTION
### (Federal Unfair Competition/False Designation of Origin)

87.     As Paragraph 87 is merely an incorporation of the prior allegations, no response is required.  To the extent a response is required, Remedy Drinks incorporates by reference its responses to Paragraphs 1 through 86 of the Complaint as if set forth fully herein.

88.     As Paragraph 88 asserts conclusions of law, no response is required.  To the extent a response is required, Remedy Drinks denies each and every allegation contained in Paragraph 88 of the Complaint.

89.     As Paragraph 89 asserts conclusions of law, no response is required.  To the extent a response is required, Remedy Drinks denies each and every allegation contained in Paragraph 89 of the Complaint.

90.     As Paragraph 90 asserts conclusions of law, no response is required.  To the extent a response is required, Remedy Drinks admits that it has continuously used the REMEDY DRINKS mark to market, promote, and offer for sale its beverages throughout the United States. Remedy Drinks denies that it required Plaintiff's consent or authority to do so.  Remedy Drinks denies each and every remaining allegation contained in Paragraph 90 of the Complaint.

91.     As Paragraph 91 asserts conclusions of law, no response is required.  To the extent a response is required, Remedy Drinks denies each and every allegation contained in Paragraph 91 of the Complaint.

92.     As Paragraph 92 asserts conclusions of law, no response is required.  To the extent a response is required, Remedy Drinks denies each and every allegation contained in Paragraph 92 of the Complaint.

93.     As Paragraph 93 asserts conclusions of law, no response is required.  To the extent a response is required, Remedy Drinks admits that it has continuously used the REMEDY DRINKS mark to market, promote, and offer for sale its beverages throughout the United States.  Remedy Drinks denies that it required Plaintiff's consent or authority to do so.  Remedy Drinks denies each and every remaining allegation contained in Paragraph 93 of the Complaint.

94.     As Paragraph 94 asserts conclusions of law, no response is required.  To the extent a response is required, Remedy Drinks denies each and every allegation contained in Paragraph 94 of the Complaint.

95.     As Paragraph 95 asserts conclusions of law, no response is required.  To the extent a response is required, Remedy Drinks denies each and every allegation contained in Paragraph 95 of the Complaint.

96.     As Paragraph 96 asserts conclusions of law, no response is required.  To the extent a response is required, Remedy Drinks denies each and every allegation contained in Paragraph 96 of the Complaint.

97.     To the extent Paragraph 97 requests relief to which Plaintiff believes it is entitled, no response is required.  To the extent a response is required, Remedy Drinks denies that Plaintiff is entitled to any relief sought in the Complaint, including, without limitation, the relief requested in Paragraph 97.

98.     To the extent Paragraph 98 requests relief to which Plaintiff believes it is entitled, no response is required.  To the extent a response is required, Remedy Drinks denies that Plaintiff

is entitled to any relief sought in the Complaint, including, without limitation, the relief requested in Paragraph 98.

## THIRD CAUSE OF ACTION
### (Common Law Trademark Infringement Under New Jersey Law)

99.      As Paragraph 99 is merely an incorporation of the prior allegations, no response is required.  To the extent a response is required, Remedy Drinks incorporates by reference its responses to Paragraphs 1 through 98 of the Complaint as if set forth fully herein.

100.      As Paragraph 100 asserts conclusions of law, no response is required.  To the extent a response is required, Remedy Drinks denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 100 of the Complaint and, accordingly, denies each and every allegation contained in Paragraph 100 of the Complaint.

101.      As Paragraph 101 asserts conclusions of law, no response is required.  To the extent a response is required, Remedy Drinks denies each and every allegation contained in Paragraph 101 of the Complaint.

102.      As Paragraph 102 asserts conclusions of law, no response is required.  To the extent a response is required, Remedy Drinks denies that its activities infringed Soulful's trademarks or that it required Plaintiff's consent or authority for its activities, including its use of the REMEDY DRINKS mark.

103.      As Paragraph 103 asserts conclusions of law, no response is required.  To the extent a response is required, Remedy Drinks denies each and every allegation contained in Paragraph 103 of the Complaint.

104.      As Paragraph 104 asserts conclusions of law, no response is required.  To the extent a response is required, Remedy Drinks denies each and every allegation contained in Paragraph 104 of the Complaint.

105.     As Paragraph 105 asserts conclusions of law, no response is required.  To the extent a response is required, Remedy Drinks denies each and every allegation contained in Paragraph 105 of the Complaint.

106.     As Paragraph 106 asserts conclusions of law, no response is required.  To the extent a response is required, Remedy Drinks denies each and every allegation contained in Paragraph 106 of the Complaint.

107.     As Paragraph 107 asserts conclusions of law, no response is required.  To the extent a response is required, Remedy Drinks denies each and every allegation contained in Paragraph 107 of the Complaint.

108.     As Paragraph 108 asserts conclusions of law, no response is required.  To the extent a response is required, Remedy Drinks denies each and every allegation contained in Paragraph 108 of the Complaint.

109.     As Paragraph 109 asserts conclusions of law, no response is required.  To the extent a response is required, Remedy Drinks denies each and every allegation contained in Paragraph 109 of the Complaint.

110.     As Paragraph 110 asserts conclusions of law, no response is required.  To the extent a response is required, Remedy Drinks denies each and every allegation contained in Paragraph 110 of the Complaint.

111.     As Paragraph 111 asserts conclusions of law, no response is required.  To the extent a response is required, Remedy Drinks denies each and every allegation contained in Paragraph 111 of the Complaint.

112.     To the extent Paragraph 112 requests relief to which Plaintiff believes it is entitled, no response is required.  To the extent a response is required, Remedy Drinks denies that Plaintiff

is entitled to any relief sought in the Complaint, including, without limitation, the relief requested in Paragraph 112.

113.    To the extent Paragraph 113 requests relief to which Plaintiff believes it is entitled, no response is required.  To the extent a response is required, Remedy Drinks denies that Plaintiff is entitled to any relief sought in the Complaint, including, without limitation, the relief requested in Paragraph 113.

<u>**FOURTH CAUSE OF ACTION**</u>
**(Common Law Unfair Competition Under New Jersey Law)**

114.    As Paragraph 114 is merely an incorporation of the prior allegations, no response is required.  To the extent a response is required, Remedy Drinks incorporates by reference its responses to Paragraphs 1 through 113 of the Complaint as if set forth fully herein.

115.    As Paragraph 115 asserts conclusions of law, no response is required.  To the extent a response is required, Remedy Drinks denies each and every allegation contained in Paragraph 115 of the Complaint.

116.    As Paragraph 116 asserts conclusions of law, no response is required.  To the extent a response is required, Remedy Drinks denies each and every allegation contained in Paragraph 116 of the Complaint.

117.    As Paragraph 117 asserts conclusions of law, no response is required.  To the extent a response is required, Remedy Drinks denies each and every allegation contained in Paragraph 117 of the Complaint.

118.    As Paragraph 118 asserts conclusions of law, no response is required.  To the extent a response is required, Remedy Drinks denies each and every allegation contained in Paragraph 118 of the Complaint.

119.    As Paragraph 119 asserts conclusions of law, no response is required.  To the extent a response is required, Remedy Drinks denies each and every allegation contained in Paragraph 119 of the Complaint.

120.    To the extent Paragraph 120 requests relief to which Plaintiff believes it is entitled, no response is required.  To the extent a response is required, Remedy Drinks denies that Plaintiff is entitled to any relief sought in the Complaint, including, without limitation, the relief requested in Paragraph 120.

121.    To the extent Paragraph 121 requests relief to which Plaintiff believes it is entitled, no response is required.  To the extent a response is required, Remedy Drinks denies that Plaintiff is entitled to any relief sought in the Complaint, including, without limitation, the relief requested in Paragraph 121.

To the extent the Complaint's Wherefore provisions request relief to which Plaintiff believes it is entitled, no response is required.  To the extent a response is required, Remedy Drinks denies that Plaintiff is entitled to any relief sought in the Complaint, including, without limitation, the relief requested in the Wherefore provisions.

**AFFIRMATIVE DEFENSES**

122.    Remedy Drinks' assertion of defenses herein is not a concession that Remedy Drinks bears the burden of proof or persuasion on any issue as to which Soulful bears the burden of proof or persuasion.  Remedy Drinks reserves the right to supplement or amend its Answer to assert any other defenses and make any other amendments as they become available or appropriate. Any defense asserted or fact alleged in support of any defense is without waiver of any of the denials contained herein.

FIRST AFFIRMATIVE DEFENSE – FAILURE TO STATE A CLAIM

123.    Soulful's claims are barred, in whole or in part, because the Complaint fails to state a claim upon which relief can be granted.

<ins>SECOND AFFIRMATIVE DEFENSE – LACHES</ins>

124.    Remedy Drinks hereby incorporates by reference the contents of paragraphs 122 through 123 as if fully set forth herein.

125.    Soulful's claims are barred from relief by the doctrine of laches.

126.    Remedy Drinks began using the REMEDY DRINKS trademark (the "Remedy Drinks Mark") in 2012 to market kombucha and similar fermented beverages to consumers that seek a light, carbonated alternative to sodas and other sugary drinks.  Remedy Drinks has registered and legally protected its trademarks in Australia, New Zealand, and the United Kingdom, among other countries.  After its launch, Remedy Drinks quickly became one of the most popular beverage brands in Australia and is the country's #1 kombucha brand.  Remedy Drinks launched its web presence and several social media handles with U.S. followings as early as 2013.  In 2019, Remedy Drinks entered into an agreement with Wal-Mart, which led to Wal-Mart offering Remedy Drinks products to its customers beginning in May 2019.  Since then, Remedy Drinks has sold millions of products under the Remedy Drinks Mark in the United States.

127.    On information and belief, Soulful was aware of Remedy Drinks' use of the Remedy Drinks Mark throughout this entire period, including Remedy Drinks' investment in using the Remedy Drinks Mark in the United States.  On information and belief, Soulful was also aware throughout this entire period of other use of marks that include the word "Remedy," including other brands that use the word "Remedy" in marks for products that compete directly with Soulful's products, unlike Remedy Drinks' products.  Despite this long, public history of Remedy Drinks using the Remedy Drinks Mark in the United States and throughout the world, and despite

this long, public history of other use of marks that include the word "Remedy," Soulful decided to coexist with other marks that incorporated the term "Remedy," including but not limited to the Remedy Drinks Mark.  Soulful did not file this litigation until September 2021—almost a decade after Remedy Drinks began using the Remedy Drinks Mark, nine years after Remedy Drinks began advertising products online to U.S. customers under the Remedy Drinks Mark, and more than two years after Remedy Drinks began selling large volumes of its products in the United States under the Remedy Drinks Mark.  And for years before this litigation was filed, Soulful consistently acted in such a way as to give Remedy Drinks the reasonable expectation that the two brands would agree to co-exist in the relevant markets, including by engaging in years-long negotiations regarding the terms of a co-existence agreement and deciding not to object to, sue over, or attempt to prevent Remedy Drinks' use of the Remedy Drinks Mark.  Soulful also did not at any time object to, sue over, or attempt to prevent any other use of marks that include the word "Remedy," including other brands that use the word "Remedy" in marks for products that compete directly with Soulful's products, unlike Remedy Drinks' products.  Soulful adopted the REMEDY ORGANICS trademark ("Remedy Organics Mark") despite the prior other use of other marks that include the word "Remedy" at the time Soulful adopted the Remedy Organics Mark, including other brands that use the word "Remedy" in marks for products that compete directly with Soulful's products, unlike Remedy Drinks' products.  Soulful's conduct created the reasonable impression that Soulful had decided to co-exist with other marks that incorporated the term "Remedy," including but not limited to the Remedy Drinks Mark.  On information and belief, Soulful's conduct reasonably confirmed Soulful's actual decision to co-exist with other marks that incorporated the term "Remedy," including but not limited to the Remedy Drinks Mark.

128.    Remedy Drinks reasonably and detrimentally relied on Soulful's conduct, which

created the reasonable impression that it had decided and, on information and belief, reasonably confirmed its actual decision to co-exist with other marks that incorporated the term "Remedy," including but not limited to the Remedy Drinks Mark.  Throughout this period, Remedy Drinks has invested in using the Remedy Drinks Mark in the United States to make its world-famous brand and products available to U.S. consumers, including, among other things, negotiating with merchants, pre-ordering materials for the U.S. market, building up inventory intended for the U.S. market, and investing in marketing to U.S. customers.

129.    Soulful's years-long delay was unreasonable under the circumstances and has been prejudicial to Remedy Drinks

## THIRD AFFIRMATIVE DEFENSE – ESTOPPEL

130.    Remedy Drinks hereby incorporates by reference the contents of paragraphs 122 through 129 as if fully set forth herein.

131.    Soulful's claims are barred, in whole or in part, by the doctrine of estoppel.  Soulful is estopped from enforcing any alleged trademarks against Remedy Drinks because Soulful's previously assumed positions were intended to and did influence Remedy Drinks to invest in using the Remedy Drinks Mark in the United States, including, among other things, by delaying for years to object to Remedy Drinks' use of the Remedy Drinks Mark and acting in such a way as to give Remedy Drinks the reasonable expectation that the parties would agree to co-exist in the relevant markets.  On information and belief, Soulful was aware of Remedy Drinks' use of the Remedy Drinks Mark throughout the entire period in which Remedy Drinks used the Remedy Drinks Mark throughout the world and in the United States, including full knowledge of the nature and extent of the Remedy Drinks Mark and Remedy Drinks' use of that mark.  On information and belief, Soulful was also aware throughout this entire period of other use of marks that include the word

"Remedy," including other brands that use the word "Remedy" in marks for products that compete directly with Soulful's products, unlike Remedy Drinks' products. Despite this long, public history of Remedy Drinks using the Remedy Drinks Mark in the United States and throughout the world, and despite this long, public history of other use of marks that include the word "Remedy," Soulful decided to coexist with other marks that incorporated the term "Remedy," including but not limited to the Remedy Drinks Mark. Soulful consistently acted in such a way as to give Remedy Drinks the reasonable expectation that the two brands would agree to co-exist in the relevant markets, including by engaging in years-long negotiations regarding the terms of a co-existence agreement and deciding not to object to, sue over, or attempt to prevent Remedy Drinks' use of the Remedy Drinks Mark. Soulful also did not at any time object to, sue over, or attempt to prevent any other use of marks that include the word "Remedy," including other brands that use the word "Remedy" in marks for products that compete directly with Soulful's products, unlike Remedy Drinks' products. Soulful adopted the Remedy Organics Mark despite the prior other use of other marks that include the word "Remedy" at the time Soulful adopted the Remedy Organics Mark, including other brands that use the word "Remedy" in marks for products that compete directly with Soulful's products, unlike Remedy Drinks' products. Soulful's conduct created the reasonable impression that Soulful had decided to co-exist with other marks that incorporated the term "Remedy," including but not limited to the Remedy Drinks Mark. On information and belief, Soulful's conduct reasonably confirmed Soulful's actual decision to co-exist with other marks that incorporated the term "Remedy," including but not limited to the Remedy Drinks Mark.

132.    Remedy Drinks reasonably and detrimentally relied on Soulful's conduct, which created the reasonable impression that it had decided and, on information and belief, reasonably confirmed its actual decision to co-exist with other marks that incorporated the term "Remedy,"

including but not limited to the Remedy Drinks Mark.  Soulful's conduct influenced Remedy Drinks to invest in using the Remedy Drinks Mark in the United States.

133.    Allowing Soulful to take an inconsistent position by asserting its claims now would not be responsive to the demands of justice and good conscience in that it would work prejudice and injury to Remedy Drinks.

FOURTH AFFIRMATIVE DEFENSE – ACQUIESCENCE

134.    Remedy Drinks hereby incorporates by reference the contents of paragraphs 122 through 133 as if fully set forth herein.

135.    Soulful's claims are barred, in whole or in part, by the doctrine of acquiescence. On information and belief, Soulful was aware of Remedy Drinks' use of the Remedy Drinks Mark throughout the entire period in which Remedy Drinks used the Remedy Drinks Mark throughout the world and in the United States, including full knowledge of the nature and extent of the Remedy Drinks Mark and Remedy Drinks' use of that mark.  On information and belief, Soulful was also aware throughout this entire period of other use of marks that include the word "Remedy," including other brands that use the word "Remedy" in marks for products that compete directly with Soulful's products, unlike Remedy Drinks' products.  Despite this long, public history of Remedy Drinks using the Remedy Drinks Mark in the United States and throughout the world, and despite this long, public history of other use of marks that include the word "Remedy," Soulful decided to coexist with other marks that incorporated the term "Remedy," including but not limited to the Remedy Drinks Mark.  Soulful consistently acted in such a way as to give Remedy Drinks the reasonable expectation that the two brands would agree to co-exist in the relevant markets, including by engaging in years-long negotiations regarding the terms of a co-existence agreement and deciding not to object to, sue over, or attempt to prevent Remedy Drinks' use of the Remedy

Drinks Mark.  Soulful also did not at any time object to, sue over, or attempt to prevent any other use of marks that include the word "Remedy," including other brands that use the word "Remedy" in marks for products that compete directly with Soulful's products, unlike Remedy Drinks' products.  Soulful adopted the Remedy Organics Mark despite the prior other use of other marks that include the word "Remedy" at the time Soulful adopted the Remedy Organics Mark, including other brands that use the word "Remedy" in marks for products that compete directly with Soulful's products, unlike Remedy Drinks' products.  Soulful's conduct created the reasonable impression that Soulful had decided to co-exist with other marks that incorporated the term "Remedy," including but not limited to the Remedy Drinks Mark.  On information and belief, Soulful's conduct reasonably confirmed Soulful's actual decision to co-exist with other marks that incorporated the term "Remedy," including but not limited to the Remedy Drinks Mark.

136.    Under the circumstances, Remedy Drinks reasonably expected that Soulful would object if it did not consent to Remedy Drinks' use of the Remedy Drinks Mark.  Soulful's failure to object implicitly assured Remedy Drinks that it did not object to Remedy Drinks' use of the Remedy Drinks Mark.

137.    Remedy Drinks reasonably and detrimentally relied on Soulful's conduct, which created the reasonable impression that it had decided and, on information and belief, reasonably confirmed its actual decision to co-exist with other marks that incorporated the term "Remedy," including but not limited to the Remedy Drinks Mark.  Soulful's conduct influenced Remedy Drinks to invest in using the Remedy Drinks Mark in the United States.

138.    Soulful's conduct, including its apparent choice to coexist with other marks that incorporated the term "Remedy," including but not limited to the Remedy Drinks Mark and intent not to object to Remedy Drink's use of the Remedy Drinks Mark, has caused prejudice to Remedy

Drinks.

## FIFTH AFFIRMATIVE DEFENSE – RATIFICATION

139.    Remedy Drinks hereby incorporates by reference the contents of paragraphs 122 through 138 as if fully set forth herein.

140.    Soulful's claims are barred, in whole or in part, by the doctrine of ratification.  On information and belief, Soulful was aware of Remedy Drinks' use of the Remedy Drinks Mark throughout the entire period in which Remedy Drinks used the Remedy Drinks Mark throughout the world and in the United States, including full knowledge of the nature and extent of the Remedy Drinks Mark and Remedy Drinks' use of that mark.  On information and belief, Soulful was also aware throughout this entire period of other use of marks that include the word "Remedy," including other brands that use the word "Remedy" in marks for products that compete directly with Soulful's products, unlike Remedy Drinks' products.  Despite this long, public history of Remedy Drinks using the Remedy Drinks Mark in the United States and throughout the world, and despite this long, public history of other use of marks that include the word "Remedy," Soulful decided to coexist with other marks that incorporated the term "Remedy," including but not limited to the Remedy Drinks Mark.  Soulful also did not at any time make any attempt to prevent any other use of marks that include the word "Remedy," including other brands that use the word "Remedy" in marks for products that compete directly with Soulful's products, unlike Remedy Drinks' products.  Soulful adopted the Remedy Organics Mark despite the prior other use of other marks that include the word "Remedy" at the time Soulful adopted the Remedy Organics Mark, including other brands that use the word "Remedy" in marks for products that compete directly with Soulful's products, unlike Remedy Drinks' products.  Soulful's conduct created the reasonable impression that Soulful had decided to co-exist with other marks that incorporated the

27

term "Remedy," including but not limited to the Remedy Drinks Mark.  On information and belief, Soulful's conduct reasonably confirmed Soulful's actual decision to co-exist with other marks that incorporated the term "Remedy," including but not limited to the Remedy Drinks Mark.

141.    Remedy Drinks reasonably and detrimentally relied on Soulful's conduct, which created the reasonable impression that it had decided and, on information and belief, reasonably confirmed its actual decision to co-exist with other marks that incorporated the term "Remedy," including but not limited to the Remedy Drinks Mark.  Soulful's conduct influenced Remedy Drinks to invest in using the Remedy Drinks Mark in the United States.

142.    Soulful's conduct is inconsistent with any other position than intent to coexist with Remedy Drinks' use of the Remedy Drinks Mark.

143.    Soulful's conduct has caused prejudice to Remedy Drinks.

<u>SIXTH AFFIRMATIVE DEFENSE – WAIVER</u>

144.    Remedy Drinks hereby incorporates by reference the contents of paragraphs 122 through 143 as if fully set forth herein.

145.    Soulful's claims are barred, in whole or in part, by the doctrine of waiver.  On information and belief, Soulful was aware of Remedy Drinks' use of the Remedy Drinks Mark throughout this entire period, including Remedy Drinks' investment in using the Remedy Drinks Mark in the United States.  On information and belief, Soulful was also aware throughout this entire period of other use of marks that include the word "Remedy," including other brands that use the word "Remedy" in marks for products that compete directly with Soulful's products, unlike Remedy Drinks' products.  Despite this long, public history of Remedy Drinks using the Remedy Drinks Mark in the United States and throughout the world, and despite this long, public history of other use of marks that include the word "Remedy," Soulful decided to coexist with other marks

that incorporated the term "Remedy," including but not limited to the Remedy Drinks Mark. Soulful consistently acted in such a way as to give Remedy Drinks the reasonable expectation that the two brands would agree to co-exist in the relevant markets, including by engaging in years-long negotiations regarding the terms of a co-existence agreement and deciding not to object to, sue over, or attempt to prevent Remedy Drinks' use of the Remedy Drinks Mark. Soulful also did not at any time object to, sue over, or attempt to prevent any other use of marks that include the word "Remedy," including other brands that use the word "Remedy" in marks for products that compete directly with Soulful's products, unlike Remedy Drinks' products. Soulful adopted the Remedy Organics Mark despite the prior other use of other marks that include the word "Remedy" at the time Soulful adopted the Remedy Organics Mark, including other brands that use the word "Remedy" in marks for products that compete directly with Soulful's products, unlike Remedy Drinks' products. Soulful's conduct created the reasonable impression that Soulful had decided to co-exist with other marks that incorporated the term "Remedy," including but not limited to the Remedy Drinks Mark. On information and belief, Soulful's conduct reasonably confirmed Soulful's actual decision to co-exist with other marks that incorporated the term "Remedy," including but not limited to the Remedy Drinks Mark.

146.    Soulful's conduct, including its decision not to object to, sue over, or attempt to prevent Remedy Drinks' use of the Remedy Drinks Mark, constituted a clear, unequivocal, and decisive choice to coexist with other marks that incorporated the term "Remedy," including but not limited to the Remedy Drinks Mark, voluntarily foregoing the right to assert its claims. Remedy Drinks reasonably understood Soulful's failure to object and its other conduct as evidencing Soulful's intention to voluntarily forego the right to assert its claims. On information and belief, Soulful's conduct, including its decision to co-exist with other marks that incorporated

the term "Remedy," including but not limited to the Remedy Drinks Mark, and, for an unreasonably extended period, not to object to, sue over, or attempt to prevent Remedy Drinks' use of the Remedy Drinks Mark, reasonably confirmed Soulful's intent to voluntarily forego its right to assert its claims.

147. Remedy Drinks reasonably and detrimentally relied on Soulful's conduct, which created the reasonable impression that it had decided and, on information and belief, reasonably confirmed its actual decision to co-exist with other marks that incorporated the term "Remedy," including but not limited to the Remedy Drinks Mark. Soulful's failure to object and its other conduct influenced Remedy Drinks to invest in using the Remedy Drinks Mark in the United States.

148. Soulful's conduct precludes Soulful from asserting its claims. Soulful has waived the right to assert its claims.

## SEVENTH AFFIRMATIVE DEFENSE – UNCLEAN HANDS

149. Remedy Drinks hereby incorporates by reference the contents of paragraphs 122 through 148 as if fully set forth herein.

150. Soulful's claims are barred, in whole or in part, by the doctrine of unclean hands. On information and belief, Soulful was aware of Remedy Drinks' use of the Remedy Drinks Mark throughout the entire period in which Remedy Drinks used the Remedy Drinks Mark throughout the world and in the United States, including full knowledge of the nature and extent of the Remedy Drinks Mark and Remedy Drinks' use of that mark. Soulful was also aware of the long, public history of the use of other marks including the word "Remedy" by third parties to market other products, including beverages. Despite this long, public history of Remedy Drinks using the Remedy Drinks Mark in the United States and throughout the world and the use of other marks

including the work "Remedy" by third parties to market other products, including beverages, Soulful chose to adopt the Remedy Organics Mark for its products.  Soulful also engaged in other conduct, including its decision not to object to, sue over, or attempt to prevent Remedy Drinks' use of the Remedy Drinks Mark, that it knew and intended would influence and did influence Remedy Drinks to invest in using the Remedy Drinks Mark in the United States, such that Soulful's belated assertion of its claims threatens to deprive Remedy Drinks of the value of its investments in using the Remedy Drinks Mark in the United States.  On information and belief, Soulful has affirmatively encouraged alleged confusion between products it sells under the Remedy Organics Mark and Remedy Drinks' products sold under the Remedy Drinks Mark or otherwise encouraged interactions and events that Soulful now relies on as evidence of confusion.  Soulful's wrongful conduct with respect to Remedy Drinks' use of the Remedy Drinks Mark precludes Soulful from asserting its claims.

<u>EIGHTH AFFIRMATIVE DEFENSE – DESCRIPTIVENESS</u>

151.    Remedy Drinks hereby incorporates by reference the contents of paragraphs 122 through 150 as if fully set forth herein.

152.    Soulful's claims are barred, in whole or in part, because the Remedy Organics Mark is descriptive in that it tells something about the qualities, ingredients, or characteristics of Soulful's products sold under the Remedy Organics Mark, such as those products' purported health benefits and effects on the wellness of Soulful's customers.  The qualities, ingredients, or characteristics of Soulful's products sold under the Remedy Organics Mark that are described by the Remedy Organics Mark are an important part of the perceived value of Soulful's products sold under the Remedy Organics Mark.  The Remedy Organics Mark has not acquired strength through marketing, consumer recognition or awareness, or otherwise.

<u>NINTH AFFIRMATIVE DEFENSE – WELL-KNOWN MARK</u>

153.    Remedy Drinks hereby incorporates by reference the contents of paragraphs 122 through 152 as if fully set forth herein.

154.    Soulful's claims are barred, in whole or in part, because the Remedy Drinks Mark is a well-known mark under the well-known marks doctrine.  Remedy Drinks began using the Remedy Drinks Mark in 2012 to market kombucha and similar fermented beverages to consumers that seek a light, carbonated alternative to sodas and other sugary drinks.  Remedy Drinks has registered and legally protected its trademarks in Australia, New Zealand, and the United Kingdom, among other countries.  After its launch, Remedy Drinks quickly became one of the most popular beverage brands in Australia and is the country's #1 kombucha brand.  The Remedy Drinks Mark is extremely well known in Australia and is immediately recognizable to Australians whether in Australia or traveling in the United States.  Significant numbers of Australians who recognize the Remedy Drinks Mark and strongly associate with Remedy Drinks' products travel to the United States regularly and live and work in the United States.  Australians in the United States who see the Remedy Drinks Mark on Remedy Drinks' products available for sale immediately and strongly recognize the Remedy Drinks Mark and associate it with Remedy Drinks and Remedy Drinks' products.  Australians in the United States are likely to purchase Remedy Drinks' products sold under the Remedy Drinks Mark in the United States based on their immediate and strong recognition of the Remedy Drinks Mark and association of it with Remedy Drinks and Remedy Drinks' products.  The Remedy Drinks Mark pre-existed Soulful's Remedy Organics Mark, and Remedy Drinks has prior rights in the Remedy Drinks Mark because of its pre-existing use of that mark.  The Remedy Drinks Mark has attained secondary meaning in the United States and is familiar to a substantial percentage of consumers in the United States.  The

United States has adopted international agreements that, among other things, obligate it to protect well-known marks held and/or used by companies based in and/or operating in other signatory nations to those agreements, including the Paris Convention for the Protection of Industrial Property, Article 6*bis*, the 1994 Agreement on Trade-Related Aspects of Intellectual Property Rights (TRIPS), Article 16, and the 2005 Australia-United States Free Trade Agreement (AUSFTA), Article 17.2. Those agreements apply to the Remedy Drinks Mark, including the prior use of the Remedy Drinks Mark in Australia by Remedy Australia. Under these agreements the United States is obligated to protect Remedy Drinks' prior rights in the Remedy Drinks Mark, including against claims such as Soulful's claims.

<u>TENTH AFFIRMATIVE DEFENSE – PRIORITY OF USE</u>

155. Remedy Drinks hereby incorporates by reference the contents of paragraphs 122 through 154 as if fully set forth herein.

156. Soulful's claims are barred, in whole or in part, by reason of Remedy Drinks' prior and superior trademark rights in the Remedy Drink Marks, with priority of use established at least as early as 2014.

<u>ELEVENTH AFFIRMATIVE DEFENSE – NO LIKELIHOOD OF CONFUSION</u>

157. Remedy Drinks hereby incorporates by reference the contents of paragraphs 122 through 156 as if fully set forth herein.

158. Soulful's claims are barred, in whole or in part, because there is no likelihood of confusion between Soulful's products sold under the Remedy Organics Mark and Remedy Drinks' products sold under the Remedy Drinks Mark.

159. The Remedy Organics Mark and the Remedy Drinks Mark, and Soulful's products sold under the Remedy Organics Mark and Remedy Drinks' products sold under the Remedy

Drinks Mark, are not similar in appearance, design, visual presentation, sound, meaning, connotation, commercial impression, size, proportion, style, color, artwork, font, packaging, material, format, or otherwise.

160.    The Remedy Organics Mark is inherently and conceptually weak because it is a generic, descriptive, or weak suggestive mark, including because the Remedy Organics Mark is tightly linked with the perceived virtues of its products.  The Remedy Organics Mark is weak because of extensive third-party usage of similar marks in related products, including at least 230 live trademarks that use the term "Remedy" or "Remedies" and nine other companies that have registered and/or used trademarks that include the term "Remedy" or "Remedies" to sell beverage products like Soulful's products sold under the Remedy Organics Mark.  The Remedy Organics Mark has not acquired strength through marketing, consumer recognition or awareness, or otherwise.

161.    Consumers will distinguish between Soulful's products sold under the Remedy Organics Mark and Remedy Drinks' products sold under the Remedy Drinks Mark because both companies sell to health-conscious customers who generally have a heightened awareness of the health-food products they buy, establishing that Soulful's customers and Remedy Drink's customers are generally careful and attentive regarding which products they are buying.  In addition, there is a significant price differential between the products—a 12-pack of Remedy Kombucha costs only one-third as much as a 12-pack of Soulful's wellness shakes sold under the Remedy Organics Mark—further establishing that consumers will distinguish between the parties' products when making a purchase.

162.    There is no evidence that consumers of the parties' products have ever been confused in their purchasing decisions, even though both parties have sold millions of units of their

products over the course of years in the United States.  Soulful's Complaint primarily points to misdirected email threads from freight forwarders and other isolated inquires that are not actionable as evidence of actual confusion.

163.   Remedy Drinks acted in good faith in adopting the Remedy Drinks Mark and had no intent of infringing the Remedy Organics mark—Remedy Drinks first adopted the Remedy Drinks Mark in 2012, years before Soulful first adopted the Remedy Organics Mark in 2017.  By the time Soulful first adopted the Remedy Organics Mark in 2017, Remedy Drinks' products sold under the Remedy Drinks Mark were already widely popular in Australia.  Nor did Remedy Drinks have any improper intent or motive in entering the United States market with the use of its long pre-existing Remedy Drinks Mark.

164.   Remedy Drinks' products sold under the Remedy Drinks Mark and Soulful's products sold under the Remedy Organics Mark, even when sold in the same stores, are generally sold in different parts of those stores and are generally displayed in different shelf formats and their appearances are strikingly distinct.

165.   Soulful's products sold under the Remedy Organics Mark and Remedy Drinks' products sold under the Remedy Drinks Mark have markedly different composition, production, and intended purpose:  Remedy Drinks offers refreshing, lightly carbonated fermented beverages produced using live cultures as an alternative to sugary beverages, including kombucha, ginger beer, switchel, and drinks with apple cider vinegar; Soulful offers wellness shakes that serve as meal replacements and are not fermented or otherwise produced using live cultures and do not include kombucha, ginger beer, switchel, or drinks with apple cider vinegar.

166.   Remedy Drinks does not intend to expand into Soulful's wellness shake market and on information and belief Soulful does not intend to expand into Remedy Drinks' fermented drink

market.

## TWELFTH AFFIRMATIVE DEFENSE – GOOD FAITH

167.    Remedy Drinks hereby incorporates by reference the contents of paragraphs 122 through 166 as if fully set forth herein.

168.    Soulful's claims are barred, in whole or in part, because Remedy Drinks' alleged acts or omissions were undertaken in good faith, were reasonable, and/or were innocent.

## THIRTEENTH AFFIRMATIVE DEFENSE – UNJUST ENRICHMENT

169.    Remedy Drinks hereby incorporates by reference the contents of paragraphs 122 through 168 as if fully set forth herein.

170.    Soulful's claims are barred, in whole or in part, because its claims for relief would unjustly enrich Soulful at the expense of Remedy Drinks by conferring on Soulful benefits to which it has no entitlement.

## FOURTEENTH AFFIRMATIVE DEFENSE – NO DAMAGES

171.    Remedy Drinks hereby incorporates by reference the contents of paragraphs 122 through 170 as if fully set forth herein.

172.    Soulful has suffered no damage as a result of any alleged act or omission as alleged in the Complaint.  Specifically, Soulful has not lost any sales, sales opportunities, contracts, suppliers, commercial relationships, been required to invest in additional marketing, or otherwise expended any resources it would not otherwise have expended or failed to realize any benefit it would otherwise have realized.

## FIFTEENTH AFFIRMATIVE DEFENSE – ACTS OF PARTIES OTHER THAN REMEDY DRINKS

173.    Remedy Drinks hereby incorporates by reference the contents of paragraphs 122 through 172 as if fully set forth herein.

174.    Without waiver of any of the denials contained herein, Remedy Drinks asserts that, if Soulful sustained any damages, which Remedy Drinks denies, such damages were proximately caused by the acts or omissions of other persons, entities, firms, or corporations, including Soulful itself, whether named or unnamed in the Complaint, and any such damages are the result of intervening and/or superseding causes for which Remedy Drinks is not liable.

<u>SIXTEENTH AFFIRMATIVE DEFENSE – FAILURE TO MITIGATE</u>

175.    Remedy Drinks hereby incorporates by reference the contents of paragraphs 122 through 174 as if fully set forth herein.

176.    Without waiver of any of the denials contained herein, Remedy Drinks asserts that, if Soulful sustained any damages, which Remedy Drinks denies, Soulful is not entitled to any relief because it failed to take reasonable measures to mitigate or attempt to mitigate any purported damages as to any or all of its claims.

<u>SEVENTEENTH AFFIRMATIVE DEFENSE – NOT AN EXCEPTIONAL CASE</u>

177.    Remedy Drinks hereby incorporates by reference the contents of paragraphs 122 through 176 as if fully set forth herein.

178.    Soulful cannot prove that this is an exceptional case justifying an award of attorneys' fees pursuant to 15 U.S.C. § 1117.  Soulful's case is substantively exceptionally weak both legally and factually given the weakness of the Remedy Organics Mark, the unmistakable differences between Soulful's products and the Remedy Organics Mark on the one hand and Remedy Drinks' products and the Remedy Drinks Mark on the other hand, Soulful's extreme delay in asserting its claims and the prejudice it inflicted on Remedy Drinks thereby, and the absence of actual confusion despite both companies selling millions of units of their products over the course of years.  Remedy Drinks' positions are substantively strong and reasonable.  Remedy Drinks has

no improper motivation.  Remedy Drinks has not litigated the action to date in any unreasonable way.  There is no consideration of compensation implicated here because Soulful has incurred no damages.  And there is no consideration of deterrence implicated here because Remedy Drinks has undertaken no act or omitted any act which was improper or warrants deterrence.

<u>ADDITIONAL DEFENSES</u>

179.    In addition to the enumerated defenses set out above, Remedy Drinks reserves the right to assert additional defenses that may become available or appropriate.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Remedy Drinks respectfully prays for judgment against Soulful as follows:

A.  That Soulful recovers nothing by reason of its Complaint;

B.  That this action be dismissed with prejudice;

C.  That Remedy Drinks recover its costs and attorneys' fees incurred herein; and

D.  Such further and other relief as the Court deems proper.

DATED: August 10, 2022

By: */s/ Liza M. Walsh*
Liza M. Walsh
William T. Walsh, Jr.
Walsh Pizzi O'Reilly Falanga LLP
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, New Jersey 07102
(973) 757-1100

*Of Counsel*:

Howard S. Hogan (*pro hac vice*)
GIBSON DUNN & CRUTCHER, LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
(202) 887-3640
Email: hhogan@gibsondunn.com

*Counsel for Defendants*
*Remedy Drinks Pty., Ltd., and*
*Remedy Drinks USA, LLC*

Connor S. Sullivan (*pro hac vice* forthcoming)
GIBSON DUNN & CRUTCHER, LLP
200 Park Avenue
New York, NY 10166
(212) 351-2404
Email: cssullivan@gibsondunn.com